**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | |
| Darnell M. Clark, | ) | Case No. 1:19-cr-071 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's motion to dismiss on speedy trial grounds filed on September 23, 2022. See Doc. No. 128. The Government filed a response on October 7, 2022. See Doc. No. 131. The Defendant filed a reply brief on October 14, 2022. See Doc. No. 132. For the reasons set forth below, the motion is granted.

## I.    BACKGROUND

On May 8, 2019, Clark was indicted on three felony offenses alleging conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. See Doc. No. 1. Trial is currently scheduled to begin on November 1, 2022. Clark claims this delay of approximately three years and four months violates his Sixth Amendment right to a speedy trial and the Speedy Trial Act of 1974 ("Act"), 18 U.S.C. §§ 3161-3174. The Court will address each claimed violation in turn as Sixth Amendment and Speedy Trial Act challenges are reviewed independently of one another. United States v. Sprouts, 282 F.3d 1037, 1041 (8th Cir. 2002). It would be unusual to find a Sixth Amendment violation where no Speedy Trial Act violation has occurred. Id. at 1042.

1

## II.   SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL

The Sixth Amendment right to a speedy trial attaches at the time the defendant is arrested or indicted, whichever occurs first, and continues until trial commences.  Sprouts, 282 F.3d at 1042. Court's must "engage in a difficult and sensitive balancing process" to determine whether there has been a Sixth Amendment speedy trial violation.  Barker v. Wingo, 407 U.S. 514, 533 (1972).  The United States Supreme Court has set out a four factor balancing test to determine whether the delay in a particular case violates the Sixth Amendment.  Id.  Courts must consider: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.  Id. at 530-532; Sprouts, 282 F.2d at 1042.  No single factor is determinative.  Id. at 533.

### A.   Length of Delay

Weight given to the length of the delay is "necessarily dependent upon the peculiar circumstances of the case."  Barker, 407 U.S. at 530-31.  Only if the length of the delay crosses the threshold from ordinary delay to "presumptively prejudicial delay" will the other three *Barker* factors be considered.  United States v. Walker, 840 F.3d 477, 485 (8th Cir. 2016).  Delay of one year or more has often been found to be presumptively prejudicial.  Sprouts, 282 F.3d at 2002.  It is undisputed the delay in this case of approximately three years and four months meets the threshold. The Court finds the delay in this case was long.  See United States v. Adalco, 477 F.3d 1008, 1019 (8th Cir. 2007) (finding a three and a half year delay uncommonly long).

### B.   Reason For The Delay

The reason for the delay is the second factor.  Barker, 407 U.S. at 531.  Specifically, the

Court must determine whether the government or the defendant was more responsible for the delay. Walker, 840 F.3d at 485.  In this case, none of the delay is attributable to the Government.  Clark moved to continue trial eight times.  See Doc. Nos. 15, 17, 20, 31, 34, 48, 61, and 78.   In addition, he twice sought and was granted substitute counsel and for a time represented himself.  Trial was twice continued due to the COVID-19 pandemic.  See Doc. Nos. 28 and 33.  The Court continued trial three times on its own motion in order to hold a hearing and give full and fair consideration to Clark's motion to suppress.  See Doc. Nos. 90, 120, and 121.  The motion to suppress was filed by Clark's third attorney approximately two years and eight months after the indictment was filed. There typically will be no Sixth Amendment violation when the defendant is responsible for most of the delay.  United States v. Flores-Lagonas, 993 F.3d 550, 563 (8th Cir. 2021).  As Clark was responsible for most of the delay and the Government was not responsible for any of it, the Court finds this factor weighs in favor of the Government.

### C.      The Defendant's Assertion of the Right

The third factor is the Defendant's assertion of his right.  The strength of a defendant's efforts to assert his right to a speedy trial reflects the gravity of the prejudice he has experienced.  Barker, 407 U.S. at 531.  "The more serious the deprivation, the more likely a defendant is to complain." Id.  Clark did not object to any of the continuances granted in this case, eight of which came at his own request.  His first serious assertion of the right was when he filed the instant motion to dismiss on September 23, 2022, which was more than a month after the Court denied his motion to suppress on August 15, 2022.  Clark contends he raised the issue in a motion for pretrial release on July 13, 2022, wherein he stated that his continued detention would "threaten to violate his right to due

process and speedy trial." See Doc. No. 122, p. 4.  However, this was a weak one sentence assertion of the Sixth Amendment right to speedy trial unsupported by any case law, citation, or analysis. Such a demand certainly cannot be considered a strong one.  Based upon a very weak assertion of the right to speedy trial more than three years after the case began, the Court finds this factor weighs against a finding of a Sixth Amendment violation.

### D.    Prejudice

Finally, the Court must consider the amount of prejudice the delay causes a defendant. Barker, 407 U.S. at 531.  The United States Supreme Court has articulated various interests courts should consider when examining such prejudice, including the prevention of oppressive pretrial incarceration and, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired.  Id. at 532.  Impairing the defense is considered the most serious consideration.  Id.  Clark contends his detention is oppressive and his defense has been impaired by the delay.

Clark was initially released on bond after his initial appearance and arraignment on May 17, 2019.  See Doc. No. 7.  His pretrial release was revoked on or about September 20, 2021, after being arrested and charged on a new state charge of child abuse.  See Doc. Nos. 66, 67, 71, and 73.  Clark was found not guilty on the state charge on July 21, 2022.  See Doc. No. 125-1.  Clark remains detained due to the nature of the charges, his criminal history, and the need to assure community safety.  He has now been detained for approximately one year.  The Court concludes a one year period of detention under these circumstances cannot be considered oppressive pretrial detention.

Clark contends that "certain emails, text messages, and other communications that would

otherwise be discoverable have been lost to time." <u>See</u> Doc. No. 129, p. 19.  Clark offers no details or evidence to support this assertion.  For instance, Clark does not explain who was involved in these communications, what information was conveyed, or how it was lost.   Clark fails to explain how or why this actually affects his ability to defend himself.  The Court concludes Clark has failed to demonstrate prejudice.  This factor weighs against Clark.  After careful consideration, the Court concludes Clark's Sixth Amendment right to a speedy trial has not been violated.

## III.   <u>THE SPEEDY TRIAL ACT</u>

The Speedy Trial Act requires trial to begin within seventy days after a defendant is charged or makes an initial appearance, whichever occurs last.  18 U.S.C. § 3161(c)(1); <u>see</u> <u>also</u> <u>Zedner v.</u> <u>United States</u>, 547 U.S. 489, 497 (2006).  The Act provides a detailed list of instances that toll the speedy trial clock.  <u>See</u> 18 U.S.C. § 3161(h); <u>Zedner</u>, 547 U.S. at 497.  For example, all time between the filing of a motion and the conclusion of the hearing or other prompt disposition of the motion tolls the Speedy Trial clock.  18 U.S.C. § 3161(h)(1)(D); <u>United States v. Hohn</u>, 8 F.3d 1301, 1305 (8th Cir. 1993).  Delay during which a motion or other proceeding concerning the defendant, not to exceed thirty days, is under advisement is also excluded.  18 U.S.C. § 3161(h)(1)(H).  Subsections (D) and (H) are intertwined and the excludable period includes, if a hearing is held,  post-hearing time during which the Court awaits the filing of additional briefs and other materials including transcripts of the hearing.  <u>United States v. Blankenship</u>, 67 F.3d 673, 676 (8th Cir. 1995).  If no hearing is held, all time is excluded from the time of the filing of the motion until the motion has been fully briefed plus all time, not to exceed thirty days, up until the court rules on the motion. <u>United States v. Long</u>, 900 F.2d 1270, 1274 (8th Cir. 1990).

Delays are also excludable if the Court finds the ends of justice served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(a).  When determining whether to grant an ends-of-justice continuance, the Court must balance the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  No ends-of-justice continuance shall be granted because of "general congestion of the court's calendar," "lack of diligent preparation," or "failure to obtain an available witness."  18 U.S.C § 3161(h)(7)(c).  Time during which the speedy trial clock is tolled is excludable under the Act.

The day a motion is filed and the day the court disposes of the motion are excluded from the Speedy Trial calculation.  See United States v. Long, 900 F.2d 1270, 1276 (8th Cir. 1990).  A defendant may not prospectively waive the application of the Act.  United States v. Aldaco, 477 F.3d 1008, 1017 (8th Cir. 2007).  A failure to comply with the Act requires dismissal.  18 U.S.C. § 3162(a)(2).

### A.      May 17, 2019-February 15, 2022

The initial appearance occurred on May 17, 2019, starting the speedy trial clock.  See Doc. No. 6; see also 18 U.S.C. § 3161(c)(1).  Clark was granted conditional release and trial was scheduled for July 22, 2019.  See Doc. No. 11.  On July 18, 2019, Clark filed a motion to continue trial.  See Doc. No. 15.  The Court granted the motion the same day, continued trial to November 5, 2019, and excluded the resulting delay under 18 U.S.C. § 3161(h)(7)(A) & (B).  See Doc. No. 16. Sixty-one days passed between the initial appearance on May 17, 2019, and the filing of the first motion to continue on July 18, 2019, which tolled the clock.  There is no dispute that numerous continuances granted thereafter kept the Speedy Trial Act clock properly tolled through February 15,

2022.

**B.      February 16, 2022-November 1, 2022**

With trial set to begin on February 15, 2022, Clark filed a motion to suppress on January 19,

2022. This motion was filed more than two years after the initial appearance.  On January 26, 2022,

the Court noted the motion to suppress could not be resolved prior to the February 15, 2022,  trial

date and, on its own motion, reset the trial for May 10, 2022, pursuant to 18 U.S.C. § 3161(h)(7)(A)

and 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).  See Doc. No. 90.  Initial briefing on the motion to

suppress was completed on February 25, 2022.  A hearing on the motion was held on March 17,

2022.  Post-trial briefs were filed on March 31, 2022, and a sealed document related to the post-

hearing briefs was filed on April 1, 2022.  See Doc. Nos. 102, 104, and 106.  The transcript of the

suppression hearing, which was necessary for the Court's full consideration of the motion, was filed

on April 15, 2022.  See Doc. No. 110.  Thus, the motion was not fully submitted to the Court for its

consideration until the transcript of the hearing was filed on April 15, 2022.  See Henderson v.

United States, 476 U.S. 332, 331 (1986) (noting the Act excludes  time after a hearing on a pretrial

motion where the court awaits additional filings from the parties that are needed for prompt

disposition of the motion); Blankenship, 67 F.3d at 677-78 (finding motion was not taken under

advisement by the court until the transcript of the suppression hearing was filed because the

transcript was needed for proper disposition of the motion).  Under the Act, the Speedy Trial clock

was tolled for thirty days thereafter, or until May 15, 2022.  See 18 U.S.C. § 3161(h)(1)(H).  With

61 days already expired on the Speedy Trial clock, trial needed to begin within nine days of May 15,

2022, or by May 24, 2022.  This did not happen.

Clark filed a motion for release from custody on July 13, 2022, which the Court denied on

7

August 17, 2022.  See Doc. Nos. 122 and 127.  The Court on its own motion twice again continued

the trial.  See Doc. Nos. 120 and 121.  The first order was issued on April 28, 2022, and continued

the trial from May 10, 2022, to July 12, 2022.  See Doc. No. 120.  The second order was issued on

June 29, 2022, and continued the trial from July 12, 2022, until November 1, 2022.  See Doc. No.

121.  Both of these continuances were ends of justice continuances made pursuant to 18 U.S.C. §

3161(h)(7)(A) and 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).  No objections were filed to either of the

Court's *sua sponte* ends of justice orders to continue trial until Clark filed the motion to dismiss on

September 23, 2022.  Clark's motion to dismiss tolled the Speedy Trial clock under 18 U.S.C. §

3161(h)(D).

The consequence of all this is that the 70-day speedy trial window closed on May 24, 2022.

Even if the Court were to find all the time was excluded through the Court's August 15, 2022, ruling

on the motion to suppress, trial should have started by August 24, 2022.  The Court concludes the

Act has been violated and dismissal is required.  18 U.S.C. § 3162(a)(2).  The only question

remaining is whether dismissal should be with or without prejudice.

In determining whether to dismiss with or without prejudice, a court must take into account,

among other things, the seriousness of the offense; the facts and circumstances of the case which led

to the dismissal; the impact of reprosecution on the administration of the Act and the administration

of justice; and the prejudice to the defendant.  United States v. Summage, 575 F.3d 864, 874 (8th

Cir. 2009); Zedner, 547 U.S. at 499; 18 U.S.C. § 3162(a)(2).  Whether to dismiss with or without

prejudice is within the sole discretion of the trial judge.  Summage, 575 F.3d at 873-74.  Dismissal

without prejudice is a less severe sanction, and allows the court to avoid unduly impairing the

enforcement of federal criminal laws.  Zedner, 547 U.S. at 499.  When an indictment is dismissed

8

without prejudice, the prosecutor may seek a new indictment within six months of the dismissal. Id.  When the crime is serious, the court should dismiss with prejudice only for a correspondingly serious or prejudicial delay.  Summage, 575 F.3d at 874.

In this case, the offense is serious, the excessive delay cannot be attributed to the Government, and the prejudice to Clark is minimal.  The second superseding indictment alleges mandatory minimum sentences of 15 years on Counts One and Two based upon the drug quantity alleged and the prior conviction allegation.  If convicted of either of these charges, Clark is likely be found to be a "career offender" under the advisory Sentencing Guidelines based upon his criminal history.  This would produce a possible life sentence as his base offense level would be at least 37 and his criminal history category is likely to be VI.  Clark concedes the charges are serious.

None of the delay in his case is attributable to the Government.  The Defendant moved to continue trial eight times and twice requested substitute counsel.  The delay which caused the case to go past the 70-day deadline was the Court's two orders continuing trial so it could rule on Clark's motion to suppress.  No objections were filed when Court entered its continuances on April 28, 2022, and June 29, 2022.  When delay is attributable to the court rather than the government, a dismissal without prejudice is favored.  Summage, 575 F.3d at 874.

Reprosecution will not undermine the administration of justice as the delay was not attributable to the Government, did not work to the advantage of the Government, and there has been no suggestion whatsoever the Government acted in bad faith.  Id.  Reprosecution of the serious crimes alleged in this case would foster, rather than impair, public confidence in the justice system. Id.

As for prejudice, as set forth above in relation to Clark's Sixth amendment argument, Clark

has failed to demonstrate how he was prejudiced by the delay.  Clark contends some information was lost but has not explained what information was lost or how this actually affects his ability to defend himself.  Under these circumstances, the Court finds dismissal with prejudice is unwarranted and instead dismisses the case without prejudice.

IV.    **CONCLUSION**

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, the Defendant's motion to dismiss (Doc. No. 128) is **GRANTED**. The Indictment is dismissed **without prejudice**.  The Defendant shall be released from custody.

**IT IS SO ORDERED**.

Dated this 18th day of October, 2022.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court